IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOEL RAY JACKSON,                )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    Case No. 15 C 7372
                                 )
DISNEY DESTINATIONS, LLC,        )
                                 )
            Defendant.           )

## MEMORANDUM ORDER

Based on a misunderstanding as to the purpose and scope of this District Court's LR 40.4 dealing with case reassignments on grounds of relatedness (a misunderstanding unfortunately prevalent among too many lawyers unfamiliar with the LR's history as well as its purpose and scope), on October 14 counsel for defendant Disney Destinations, LLC ("Disney") presented what they characterized as an "unopposed motion" seeking the reassignment to this Court's calendar of <u>Hailey v. Disney Destinations, LLC</u>, 15 C 7728 from the calendar of this Court's colleague Honorable Ronald Guzman. That motion also requested what it termed as the "consolidation" of the <u>Hailey</u> case and this Court's <u>Jackson</u> case -- a request that reflected still another misunderstanding of "consolidation" as that term of art is described and prescribed in Fed. R. Civ. P. 42.

At the time the motion was presented this Court explained to both sides' counsel why the specific relief that they sought was inappropriate, but it then went on to explain that their common goal could be met by a different arrangement that is often entered into where cases are clearly "related" within one or more of the broad definitions set out by LR 40.4(a) in the

disjunctive, but that do not qualify for reassignment under the far more demanding standards established in the conjunctive by LR 40.4(b). This Court has since conferred with Judge Guzman, and we have agreed that our two cases are readily amenable to a reciprocal set of orders to this effect:

1. Each case will remain on the calendar of the judge to whom it has been assigned.

2. To avoid repetitive and wasteful (and unnecessarily expensive) discovery, depositions taken in either case will be treated as applicable to both cases.

3. All other discovery will also be handled on a reciprocal basis to avoid the legal equivalent of the parties' counsel having to plow the same field twice, with this Court accepting the responsibility for discovery oversight so that any discovery motions are to be brought before this Court (with the limited exception that if a particular matter applies solely to plaintiff Pamela Hailey in Judge Guzman's case, that matter may be presented before Judge Guzman in the first instance).

As indicated earlier, Judge Guzman will be entering an order in his <u>Hailey</u> case that echoes the provisions of this memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 15, 2015